IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KYLE B. LEWIS § | |
| § | CIVIL ACTION NO. _____ |
| VS. § | |
| § | Judge _____ |
| SOUTHWESTERN BELL § | |
| TELEPHONE COMPANY § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Kyle Lewis, is an individual citizen of the State of Texas.

2. Defendant, Southwestern Bell Telephone Company, is a foreign corporation doing business in the State of Texas. Defendant may be served with process by serving its registered agent C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on disability pursuant to 42 U.S.C. §12112.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because plaintiff would have worked in the Orange, Texas area but for the alleged unlawful employment practice.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days

after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E.  Introduction

6.    Kyle Lewis, born May 24, 1957, began working for defendant as a Customer Service Technician on or around February of 2000.

7.    In 2011, plaintiff, who lives in Orange, Texas, worked at defendant's Houston Texas location. He traveled over 180 miles round trip to and from work each day.  In December of 2011, plaintiff's 82-year old father, who lived in Orange County, became very ill, suffered from many co-morbidities, became disabled and was unable to care for himself.  As a result, plaintiff's father required around the clock care.

8.    Lewis requested a hardship transfer so he could be closer to his father in order to help with his care.  Plaintiff's immediate supervisor and the supervisors up the chain at both the Houston and Orange locations approved the transfer.  However, when the request made it to the Human Resources (HR) department in St. Louis, Missouri, a Human Resources supervisor denied the transfer.

9.    Plaintiff contacted defendant's HR department to explain the need to transfer. The HR supervisor told plaintiff that "everyone your age has sick and elderly parents."  One of plaintiff's supervisors sent a request to the HR supervisor explaining the need for Lewis to come back to the area and take care of his disabled father, but plaintiff's request was still denied.

10.    Lewis explained to the HR supervisor that if he could not transfer, it would place an undue hardship on him and he would have no other option but to resign. The response from the HR supervisor was "being elderly and sick just isn't good enough for a hardship

transfer." She requested documentation from plaintiff about his father's illness. Plaintiff complied and provided the medical files and doctor letter describing his father's disabilities. Defendant still denied his transfer to the Orange location.

11.     Plaintiff advised the HR supervisor that transfers were made for younger employees. A male in his thirties had been allowed to transfer between Houston and Orange so he could be close to his infant son.  Defendant advised plaintiff once again that everyone his age has sick elderly parents and that was not a valid excuse for a transfer.

12.     Plaintiff had advised defendant that, without the transfer, he would not be able to take care of his disabled parent. Defendant used that information to harass and badger plaintiff into resigning.  The denial of the transfer was based on plaintiff's age and his association with a disabled person.

## F.  Age Discrimination Claims Under the ADEA

13.     Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA) and belongs to the class of employees protected under the statute, namely, employees over the age of 40. 29 U.S.C. §630(f).

14.     Defendant is an employer within the meaning of the ADEA.  29 U.S.C. §630(b).

15.     Defendant intentionally discriminated against plaintiff because of his age in violation of the ADEA by denying him employment opportunities it made available to other employees under 40 years old and forcing him to terminate his employment because of his age.

## G.  Violations under the Americans with Disabilities Act

16.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. §12111(4).

17. Plaintiff's transfer request was because of his association with his father, who was disabled. Defendant knew his father was disabled because he told them and provided medical documentation supporting the disability.

18. Defendant violated 42 U.S.C. § 12112 (b)(4) of the ADA by intentionally discriminating against plaintiff because of the known disability of an individual with whom the plaintiff was known to have a relationship or association.

19. Defendant's discriminatory acts include denying him equal job opportunities and benefits calculated to lead to his resignation.

## H.  Damages

20. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

   a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages or unemployment compensation benefits, he received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b. Reinstatement;

   c. Front pay, if reinstatement is inappropriate.

   d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

   e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## I.  Attorney Fees

21. Plaintiff is entitled to an award of attorney fees (including expert fees) and costs

under 42 U.S.C. § 12205 and 42 U.S.C. § 2000e-5(k).

### J.  Exemplary and Liquidated Damages

22. In addition to the previously alleged damages (which plaintiff alternatively seeks) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and/or with a purpose to injure plaintiff. 42 U.S.C. § 1981a(a)(1).

23. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA and the FLSA. 29 U.S.C. §626(b).

### K.  Jury Demand

24. Plaintiff requests a trial by jury.

### L.  Prayer

25. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay (if reinstatement is not possible); including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Liquidated damages;

   g. Attorney fees and courts costs; and

   h. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
    Kenneth W. Lewis
    Ken.L@bushlewis.com
    Texas Bar #12295300
    Stephen L. Townsend
    Stephen.T@bushlewis.com
    Texas Bar #24071539

ATTORNEYS FOR PLAINTIFFS